**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS ANTONIO ZAVALETA-SAN LUCAS, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 16-72273 <br><br> Agency No. A200-885-043 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2018**
Seattle, Washington

Before: THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit Judges.

Jesus Zavaleta-San Lucas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming an

Immigration Judge's ("IJ") denial of asylum and withholding of removal on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

adverse credibility grounds under 8 U.S.C. § 1158(b)(1)(B)(iii) and relief under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.16(c). Substantial evidence supports the BIA's decision, and we therefore deny the petition.

We review for substantial evidence decisions by the BIA denying eligibility for asylum, withholding of removal, and CAT relief. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). Where, as here, the BIA "incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) (citing *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008)). We also review adverse credibility determinations for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We defer to the factual findings of the BIA, and they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the BIA's interpretations of legal questions de novo. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193–94 (9th Cir. 2003).

Zavaleta-San Lucas alleges that he fears harm at the hands of the Flores Flores family, which is a part of the Antorcha political party in his hometown of Tepexi de Rodriguez, Puebla, Mexico. Zavaleta-San Lucas stated that the Flores Flores family dislikes his family because of its support of a different political

2

party. Zavaleta-San Lucas testified that he was attacked on multiple occasions by members of the Flores Flores family, but omitted this testimony from his earlier written statement. Because of these omissions, the IJ made an adverse credibility determination and denied Zavaleta-San Lucas's asylum and withholding of removal claims. The BIA affirmed.

Credibility determinations are made considering the "totality of the circumstances, and all relevant factors," including "the consistency between the applicant's . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal). When evaluating discrepancies between statements, "an omission may form the basis for an adverse credibility finding." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). However, "the mere omission of details is insufficient to uphold an adverse credibility finding." *Id.* (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005)).

This is not a case of "mere omission of details." Zavaleta-San Lucas's oral testimony—presented on direct examination—was far more expansive and more favorable to his position, and the only reason he offered to explain the omissions that involved him directly is that he "forgot." *Cf. Lai*, 773 F.3d at 973–74 (reversing an adverse credibility determination when omissions relating to third parties were raised on cross examination and explained plausibly); *Zamanov v. Holder*, 649 F.3d 969, 973–974 (9th Cir. 2011). Because these factors undermine

Zavaleta-San Lucas's credibility, substantial evidence supports the adverse credibility determination. Without credible testimony, Zavaleta-San Lucas has not met his burden of proof to establish eligibility for asylum or withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 1208.16(b).

Turning to Zavaleta-San Lucas's CAT claim, the BIA's adverse credibility determination "does not, by itself, necessarily defeat" a CAT claim. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Rather, "all evidence relevant to the possibility of future torture shall be considered." 8 C.F.R. § 1208.16(c)(3). However, if a petitioner's testimony is discredited, he must substantiate his claims with independent corroborating evidence. *See Garcia*, 749 F.3d at 792. Zavaleta-San Lucas seeks to corroborate his claims with country condition reports about Mexico. However, these reports do not show that Zavaleta-San Lucas is specifically "more likely than not" to be tortured if he returns to Mexico because the reports focus on generalized violence in the country. 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the BIA's denial of CAT protection.

The petition for review is **DENIED.**

4